**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MINDEL HOLDINGS LLC,**<br>**99 Jericho Turnpike, Suite 200**<br>**Jericho, NY 11752**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**PROVCO GOOD MCB BYBERRY, L.P.,**<br>**795 E. Lancaster Avenue**<br>**Suite 200**<br>**Villanova, PA 19085-1525**<br>*Defendant.* | **CIVIL ACTION**<br><br>**No. : 2:26-cv-8371** |

## COMPLAINT

Plaintiff Mindel Holdings LLC ("Buyer"), by its undersigned counsel, brings this Complaint against Defendant Provco Good MCB Byberry, L.P. ("Seller"), and in support avers as follows:

## PRELIMINARY STATEMENT

1. Buyer agreed to purchase 12000 and 12002 E. Roosevelt Boulevard, Philadelphia, from Seller for $18,564,000.00 and posted a $500,000.00 Deposit with Stewart Title Guaranty Company. Buyer's obligation to close was conditioned on, among other things, Buyer's receipt of an estoppel certificate from every tenant at least five business days before the Closing Date and the truth of Seller's representations as of the Closing Date, including Seller's representation that all

certificates of occupancy required for the occupancy and operation of the Property were in full force and effect.

2. Neither condition was satisfied. Seller never delivered an estoppel certificate from ALDI, a tenant at the Property. Seller did not obtain the certificate of occupancy required for the improvements at 12002 E. Roosevelt Boulevard. On the Closing Date, Seller acknowledged as much and proposed to escrow $1,000,000.00 until it obtained one. Buyer declined and terminated the Agreement under Sections 4.2 and 4.7. Under Sections 4.7 and 9.1, the Deposit must be returned to Buyer.

3. Seller has no contractual basis to keep the Deposit and has asserted none. When Buyer demanded the Deposit, Seller sent the Escrow Agent a one-sentence objection that states no reason, and Seller has not signed the joint direction Buyer requested to release the funds. When Seller objected, it knew that neither condition had been satisfied. Six days earlier, Seller had admitted to Buyer that it had not obtained the certificate of occupancy. Seller has never claimed that Buyer defaulted. The only effect of Seller's objection is to freeze the Deposit in escrow, where under Section 10.16.5 it will remain until the parties issue joint instructions or this Court enters a final judgment.

4. Buyer seeks judgment for the Deposit with all accrued interest, a declaration that Buyer is entitled to the Deposit and that the Escrow Agent may release it to Buyer, and its attorneys' fees, expenses and costs under Section 10.9. Buyer reserves all of its other rights and remedies under the Agreement, including its rights under Section 9.1 with respect to Seller's default.

## THE PARTIES

5. Buyer is a New York limited liability company with an address of 99 Jericho Turnpike, Suite 200, Jericho, New York 11753. Buyer is a citizen of each State of which any of its members is a citizen. Buyer's members, and their citizenship, are as follows:

(a) Mindel Family II LLC. The members of Mindel Family II LLC are The Alan Mindel 2009 Trust, The Marlene Mindel 2009 Trust and The Joseph Mindel 2009 Trust, each of which is a traditional trust. The trustees of The Alan Mindel 2009 Trust are Alan Mindel and Norbert Mindel. The trustee of The Marlene Mindel 2009 Trust is Norbert Mindel. The trustee of The Joseph Mindel 2009 Trust is Norbert Mindel. Alan Mindel is domiciled in, and a citizen of, the State of New York. Norbert Mindel is domiciled in, and a citizen of, the State of Arizona. Mindel Family II LLC is therefore a citizen of New York and Arizona.

(b) Marlene Mindel, an individual who is domiciled in, and a citizen of, the State of Florida.

(c) Article Fifth Trust f/b/o Alan Mindel, Article Fifth Trust f/b/o Marlene Mindel and Article Fifth Trust f/b/o Joseph Mindel. Each of those trusts is a traditional trust, and the trustee of each is Norbert Mindel, who is domiciled in, and a citizen of, the State of Arizona.

No member of Buyer,and no member or trustee of any member of Buyer, is a citizen of Pennsylvania. Buyer is therefore a citizen of New York, Arizona and Florida.

6. Seller is a Pennsylvania limited partnership with an address of c/o Goodman Management, LLC, 636 Old York Road, 2nd Floor, Jenkintown, Pennsylvania 19046. Seller's general partner is PGM Byberry GP, LLC, whose sole member is PGM Byberry JV, LLC, whose managing member is Provco Pinegood Byberry, LLC.

7. Upon information and belief, formed after a reasonable inquiry of the public sources available to Buyer, Seller's partners, and each member or partner of any entity whose citizenship is attributed to Seller, are citizens of Pennsylvania, and none of them is a citizen of New York, Arizona or Florida. Seller's internal ownership structure is not publicly available and is peculiarly within Seller's knowledge.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Deposit at issue alone is $500,000.00.

9. Buyer's claim for declaratory relief is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

10. This Court has personal jurisdiction over Seller because Seller is a Pennsylvania limited partnership. In Section 10.13 of the parties' agreement, Seller irrevocably submitted to the jurisdiction of the courts located in Philadelphia County, Pennsylvania.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Seller resides in this District, the real property that is the subject of this action is located in Philadelphia County, Pennsylvania, and a substantial part of the events giving rise to Buyer's claims occurred here. In Section 10.13, Seller also waived any objection to venue in the courts located in Philadelphia County.

## FACTS

### A. The Agreement

12. Seller, as seller, and Buyer, as buyer, entered into a Purchase and Sale Agreement dated as of July 6, 2026 (the "PSA"), for the sale of the real property known as 12000 and 12002 E. Roosevelt Boulevard, Philadelphia, Pennsylvania (the "Property"), for a purchase price of $18,564,000.00. A true and correct copy of the PSA is attached as Exhibit A.

13. Seller and Buyer amended the PSA by a First Amendment dated as of August 26, 2026 (the "First Amendment," and together with the PSA, the "Agreement"). A true and correct copy of the First Amendment is attached as Exhibit B.

14. Under Section 3.1 of the Agreement, Buyer delivered a deposit of $500,000.00 (the "Deposit") to Stewart Title Guaranty Company, as escrow agent ("Escrow Agent"), which holds the Deposit in an interest-bearing account. Under Section 1.7, the "Deposit" includes all interest accrued on it.

15. Section 4 of the Agreement makes Buyer's obligation to acquire the Property subject to the satisfaction of the conditions precedent set forth in Sections

4.1, 4.2, 4.5, 4.6 and 4.7, "any of which may be waived prior to the Closing only in writing by Buyer."

16. Section 4 further provides:

> If any of such conditions is not fulfilled (or waived in writing) pursuant to the terms of this Agreement, then the party in whose favor such condition exists may terminate this Agreement and, in connection with any such termination made in accordance with this Section 4, Seller and Buyer shall be released from further obligation or liability hereunder (except for those obligations and liabilities that expressly survive such termination), and the Deposit shall be disposed of in accordance with Section 9.

17. The final sentence of Section 4 provides: "Nothing set forth in this Section 4 shall affect, limit or impair Buyer's rights and remedies under Section 9.1 with respect to a default by Seller."

18. Section 4.7 makes it a condition precedent to Buyer's obligation to acquire the Property that Buyer receive, at least five business days before the Closing Date, tenant estoppel certificates "from all of the tenants under the Leases." Section 4.7 further provides: "If such condition is not satisfied, then Buyer shall have the right to terminate this Agreement by written notice given on or prior to the Closing, in which case this Agreement shall terminate and Buyer shall be entitled to a refund of the Deposit."

19. ALDI Inc. (Pennsylvania) ("ALDI") is a tenant under the Leases pursuant to a Ground Lease Agreement dated September 20, 2021, as reflected in the Lease Exhibit attached to the PSA as Exhibit G.

20. Section 4.2 makes Buyer's obligation to close subject to the truth, in all material respects, of Seller's representations and warranties as of the Closing Date.

21. In Section 7.1(q), Seller represented and warranted, as of the Effective Date and as of the Closing Date, that "[a]ll permits, licenses, authorizations and certificates of occupancy required by Governmental Entities . . . for the management, occupancy, leasing and operation of the Property are in full force and effect."

22. Section 9.1 provides that "[i]f the Closing shall not occur by reason of . . . the failure of satisfaction of the conditions benefiting Buyer under Section 4 or the termination of this Agreement by Buyer in accordance with Section 4 . . . , then the Deposit shall be returned to Buyer."

23. Section 10.16.5 provides that if the Closing does not occur and a party demands the Deposit, Escrow Agent will release it unless the other party objects in writing, in which case Escrow Agent will hold the Deposit "until otherwise directed by joint written instructions from the parties to this Agreement or a final judgment of a court of competent jurisdiction."

24. Section 10.9 provides that in any suit with respect to the subject matter or the enforcement of the Agreement, "the prevailing party . . . shall be entitled to recover reasonable attorneys' fees, expenses and costs of investigation actually incurred."

25. Section 10.10 provides that each party shall, whenever requested by the other, "cause to be executed, acknowledged or delivered any and all such further instruments and documents as may be necessary or proper, in the reasonable opinion of the requesting party, in order to carry out the intent and purpose of this Agreement." Section 10.10 expressly survives "any termination of this Agreement."

26. Section 10.19 provides that "Buyer's and Seller's failure to satisfy any condition precedent to Closing . . . shall not be subject to any notice and cure period, unless otherwise expressly set forth herein."

27. Seller was thus not entitled to notice or an opportunity to cure the failure of either condition. (Ex. A § 10.19.)

**B. The Closing Conditions Failed and Buyer Terminated**

28. Under Section 1.16, the Inspection Period expired on August 27, 2026.

29. Under Section 1.3, the Closing Date was forty-five days after expiration of the Inspection Period, placing it on Sunday, October 11, 2026. Monday, October 12, 2026, was a federal holiday. Under Section 10.3, the Closing Date was therefore Tuesday, October 13, 2026.

30. Buyer did not receive a tenant estoppel certificate from ALDI at least five business days before the Closing Date and has not received one to date.

31. Seller's representation in Section 7.1(q) was untrue as of the Closing Date. A certificate of occupancy required for the use and occupancy of the improvements located at 12002 E. Roosevelt Boulevard has not been issued.

32. On October 13, 2026, the Closing Date, Seller's representative conveyed by text message that Goodman was "willing to put $1,000,000 in escrow until they get the CO," and that Seller was "very confident they're getting the co." Buyer rejected the proposal, responding that it was "not a concept that works for us." Seller thus admitted that, as of the Closing Date, it had not obtained the certificate of occupancy.

A true and correct copy of the October 13, 2026 text message exchange is attached as Exhibit C.

33. The inaccuracy of Seller's representation is material. Without a certificate of occupancy, the use and occupancy of the improvements is not legal under the Philadelphia Building Code.

34. Buyer never waived, in writing or otherwise, the conditions set forth in Sections 4.2 and 4.7.

35. Buyer was at all times ready, willing and able to close in accordance with the Agreement.

36. On October 13, 2026, Buyer delivered written notice to Seller, Seller's counsel and Escrow Agent, by email and overnight courier, terminating the Agreement under Sections 4, 4.2 and 4.7 and demanding the return of the Deposit together with all accrued interest (the "Termination Notice"). A true and correct copy of the Termination Notice is attached as Exhibit D.

37. In the Termination Notice, Buyer expressly reserved "all of its rights and remedies under the Agreement, at law and in equity," and stated that "[n]othing in this notice waives any right, remedy, claim or defense of Buyer, and no such waiver should be implied." (Ex. D ¶ 6.)

**C. Seller Refuses to Release the Deposit**

38. On October 19, 2026, Escrow Agent notified Seller of Buyer's demand for the Deposit under Section 10.16.5. A true and correct copy of Escrow Agent's notice is attached as Exhibit E.

39. The same day, Seller delivered a one-sentence letter to Escrow Agent objecting to the release of the Deposit to Buyer (the "Objection"). The Objection states no basis for withholding the Deposit. A true and correct copy of the Objection is attached as Exhibit F.

40. Seller has never asserted that Buyer defaulted under the Agreement, has never served a notice of default under Section 10.19, and has never purported to terminate the Agreement under Section 9.3.

41. When Seller delivered the Objection, Seller knew that it had not delivered an estoppel certificate from ALDI and that it had not obtained the certificate of occupancy for 12002 E. Roosevelt Boulevard. Seller had admitted the absence of the certificate of occupancy to Buyer six days earlier. (Ex. C.)

42. There was then, and there is now, no dispute that the conditions set forth in Sections 4.2 and 4.7 failed. Seller has never identified any basis to contend otherwise.

43. Seller had no good-faith basis for the Objection. Upon information and belief, Seller lodged the Objection, and continues to maintain it, to withhold from Buyer funds to which Seller knows it has no claim and to gain leverage over Buyer.

44. By letter dated October 28, 2026, Buyer demanded that Seller countersign a Joint Direction to Escrow Agent releasing the Deposit to Buyer (the "Demand Letter"). A true and correct copy of the Demand Letter is attached as Exhibit G.

45. Seller has not countersigned the Joint Direction and has not withdrawn the Objection.

46. As a result of the Objection, Escrow Agent continues to hold the Deposit and will not release it to Buyer absent joint written instructions or a final judgment of this Court.

**COUNT I**

**BREACH OF CONTRACT**

47. Buyer incorporates the preceding paragraphs as if fully set forth.

48. The Agreement is a valid and binding contract between Buyer and Seller.

49. Buyer performed all of its obligations under the Agreement.

50. The conditions set forth in Sections 4.2 and 4.7 were not satisfied, and Buyer validly terminated the Agreement under Sections 4, 4.2 and 4.7.

51. Under Sections 4, 4.7 and 9.1, Buyer is entitled to the return of the Deposit together with all accrued interest.

52. Seller breached the Agreement, including Sections 4, 4.7, 9.1 and 10.16.5 and the duty of good faith and fair dealing implied in the Agreement, by objecting to the release of the Deposit without any contractual basis and by refusing to execute joint written instructions directing Escrow Agent to release the Deposit to Buyer.

53. Seller's Objection, and its continuing refusal to release the Deposit, were and are in bad faith. Seller knew when it objected, and knows now, that the conditions

set forth in Sections 4.2 and 4.7 failed, that Buyer validly terminated the Agreement, and that the Agreement requires the return of the Deposit to Buyer.

54. Seller also breached Section 10.10, which survives termination of the Agreement, by refusing Buyer's request that Seller execute a joint direction to Escrow Agent releasing the Deposit, an instrument necessary and proper to carry out the intent and purpose of the Agreement.

55. As a direct result of Seller's breach, Buyer has been deprived of the Deposit and has incurred attorneys' fees, expenses and costs.

WHEREFORE, Plaintiff Mindel Holdings LLC demands judgment in its favor and against Defendant Provco Good MCB Byberry, L.P. in the amount of $500,000.00, together with all interest accrued on the Deposit, Buyer's out-of-pocket costs and expenses under Section 9.1 of the Agreement, compensatory damages in an amount to be determined at trial, pre-judgment and post-judgment interest, reasonable attorneys' fees, expenses and costs under Section 10.9 of the Agreement, and such other relief as the Court deems just.

## COUNT II

## DECLARATORY JUDGMENT

## 28 U.S.C. §§ 2201–2202

56. Buyer incorporates the preceding paragraphs as if fully set forth.

57. An actual, justiciable controversy exists between Buyer and Seller concerning their rights to the Deposit under the Agreement.

58. Under Section 10.16.5, Escrow Agent will hold the Deposit until it receives joint written instructions from the parties or a final judgment of a court of competent jurisdiction.

59. A declaratory judgment will terminate the controversy and permit Escrow Agent to release the Deposit.

WHEREFORE, Plaintiff Mindel Holdings LLC requests that the Court enter a declaratory judgment in its favor and against Defendant Provco Good MCB Byberry, L.P. declaring that (a) Buyer validly terminated the Agreement on October 13, 2026, under Sections 4, 4.2 and 4.7; (b) Buyer is entitled to the entire Deposit of $500,000.00 together with all interest accrued thereon; (c) Seller has no right to any portion of the Deposit; and (d) Escrow Agent is authorized and directed under Section 10.16.5 to release the entire Deposit, together with all accrued interest, to Buyer; and awarding Buyer its reasonable attorneys' fees, expenses and costs under Section 10.9 of the Agreement and such other relief as the Court deems just.

**KLEINBARD LLC**

By: *<u>/s/ Benjamin A. Garber</u>*
Benjamin A. Garber, Esquire
PA Attorney I.D. No. 306765
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
(215) 568-2000
bgarber@kleinbard.com

*Attorneys for Plaintiff,*
*Mindel Holdings LLC*

Dated: November 2, 2026

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MINDEL HOLDINGS, LLC
99 Jericho Turnpike, Suite 200, Jericho, NY 11753

**(b)** County of Residence of First Listed Plaintiff: Nassau County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin A. Garber, Esquire
1717 Arch Street, 5th Floor, Phila., PA 19103
215-568-2000

## DEFENDANTS

PROVCO GOOD MCB BYBERRY, L.P.
795 E. Lancaster Avenue, Suite 200, Villanova, PA 19085-1525

County of Residence of First Listed Defendant: Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [X] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. Section 1101-2202

Brief description of cause:
Breach of a real estate purchase and sale agreement

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 500,000 plus

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/2/2026

SIGNATURE OF ATTORNEY OF RECORD: */s/Benjamin A. Garber*

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MINDEL HOLDINGS, LLC<br>Plaintiff,<br>v.<br>PROVCO GOOD MCB BYBERRY, L.P.<br>Defendant. | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>NO. 2:26-cv-8371 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X)

| 11/2/2026 | Benjamin A. Garber | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-2000 | 215-568-0140 | bgarber@kleinbard.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

American LegalNet, Inc.
www.FormsWorkFlow.com

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 12000 and 12002 E. Roosevelt Boulevard, Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number: 2:26-cv-8371 Judge: ____________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*: ____________________

**B.** ***Diversity Jurisdiction Cases:***

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*): ____________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.